IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **LEVI D. LINDEMANN**, <br><br> Defendant. | Case No. 14-CV-4834 <br> (PJS/JJK) |

**TEMPORARY RESTRAINING ORDER
AND ORDER OF OTHER ANCILLARY RELIEF**

This matter is before the Court on plaintiff United States Securities and Exchange Commission's ("SEC's") Emergency Motion for a Temporary Restraining Order and Other Ancillary Relief (the "TRO Motion") against Defendant Levi D. Lindemann.  Based on all of the files, records, and proceedings herein, and for the reasons stated on the record of the hearing on November 24, 2014, the Court finds as follows:

  A. This Court has jurisdiction over the subject matter of this case and over Defendant, and the SEC is a proper party to bring this action seeking the relief sought in the SEC's complaint.

  B. There is good cause to believe that the SEC will ultimately succeed in establishing that Defendant has engaged and is likely to engage in transactions, practices, and courses of business that violate Section 17(a)(1), (2) and (3) of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1), (2) and (3)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

C. There is good cause to believe that, unless immediately restrained and enjoined by Order of this Court, Defendant will continue to engage in such transactions, acts, practices, and courses of business and in such violations; that Defendant's illicit gains that could otherwise be subject to an order of disgorgement may be dissipated; and that documents could be destroyed.

D. There is good cause to believe that it is necessary to preserve and maintain the business records of Defendant from destruction.

E. Therefore, the SEC's TRO Motion should be, and is, granted in part as set forth more fully below.

**IT IS THEREFORE ORDERED:**

I. **VIOLATION OF SECTION 17(A)(1), (2) AND (3) OF THE SECURITIES ACT AND SECTION 10(B) AND RULE 10B-5 OF THE EXCHANGE ACT**

Defendant and his agents, servants, employees, and attorneys -- and those persons in active concert or participation with them -- who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in violation of Section 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1), (2) and (3)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and in connection with the purchase or sale of securities, by

2

the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made (in the light of the circumstances under which they were made) not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.    ALTERNATIVE MEANS OF SERVICE OF PROCESS

Notice of this Order, or any other Orders of the Court or notices required to be issued by the SEC, may be accomplished by delivery of a copy of the Order or notice by first class mail, overnight delivery, international express mail, facsimile, electronic mail, or personally, by agents or employees of the SEC, (i) upon Defendant and any of his respective affiliates; and (ii) upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of an Order.

## III. ORDER PROHIBITING DESTRUCTION OF RECORDS

A. Defendant and all of his agents, servants, employees, attorneys, depositories, and banks -- and those persons in active concert or participation with any of them -- are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, electronic files, computers, or any other property or data of any kind, and wherever located or stored: (1) pertaining in any way to any matter described in the complaint, or any amendment thereto, filed by the Commission in this action; (2) pertaining in any way to investments in Home Path Financial LP, GWG Life, LLC, Alternative Wealth Solutions, or any other investment offered for sale by Defendant; (3) Gene Lindemann or Virgil Barthman; or (4) that were created, modified, or accessed by Defendant. (These documents and data are collectively referred to here as "Evidence").

B. Such Evidence includes both "hard copy" versions and electronically-stored information in Defendant's possession, custody, or control, including text files, data compilations, word-processing documents, spreadsheets, email, voicemail, data bases, calendars, and scheduling information, log, file fragments and backup files, letters, instant messages, memoranda, notes, drawings, designs, correspondence, or communication of any kind. Evidence that is stored electronically may be maintained on shared network files, computer hard drives,

servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDA, or other handheld/smartphone devices.

    C.    The obligations set forth in Section III include an obligation to provide notice to all Defendant's employees, custodians, agents, or contractors who may be in possession of Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third parties, such as an internet service provider or a cloud computing provider, if such Evidence is within Defendant's control.

    D.    Defendant is ordered to act affirmatively to prevent the destruction of Evidence. This duty may necessitate: (1) quarantining certain Evidence to avoid its destruction or alteration; or (2) discontinuing the recycling of backup tapes or other storage media, the deletion of emails, and the deletion of "trash," "recycling," "drafts," "sent," or "archived" folders.

    E.    Defendant is directed not to run or install any drive cleaning, wiping, encrypting, or defragmenting software on hard disks of computers that may contain Evidence.

## IV.    OTHER RELIEF

    A.    The United States Marshal in any district in which Defendant resides, transacts business, or may be found is authorized and directed to make service of process upon any Defendant at the request of the SEC.

    B.    This Court shall retain jurisdiction of this matter for all purposes.

   C. Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

## V. PRESERVATION OF RIGHTS AND PRIVILEGES

Nothing in this Order shall be construed to require that Defendant abandon or waive any constitutional or other legal privilege which he may have available to him, including his Fifth Amendment privilege against self-incrimination. In turn, nothing in this Order shall prevent the SEC from opposing or challenging any assertion by Defendant of any Fifth Amendment privilege against self-incrimination or any other constitutional or other legal privilege.

  SO ORDERED.

Dated:  November 24, 2014        s/Patrick J. Schiltz
                    Patrick J. Schiltz
                    United States District Judge